```
UNITED STATES DISTRICT COURT
   EASTERN DISTRICT OF MISSOURI
       SOUTHEASTERN DIVISION
```

| | |
|---|---|
| **KAREN LYDE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 1:07CV00051 LMB |
| ) | |
| **FRED'S STORES OF TENNESSEE, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM AND ORDER**

This personal injury action was originally filed in the Circuit Court of Pemiscot County, Missouri. On March 28, 2007, Defendant Fred's Stores of Tennessee, Inc. removed the case to this court pursuant to 28 U.S.C. § 1441, alleging diversity of citizenship jurisdiction under 28 U.S.C. § 1332. This case has been assigned to the undersigned United States Magistrate Judge pursuant to the Civil Justice Reform Act and is being heard by consent of the parties. See 28 U.S.C. § 636(c). Currently pending before the court is plaintiff's "Motion to Dismiss Removal" (Document Number 6), to which defendant has filed "Defendant's Reply Memorandum and Motion to Strike Plaintiff Karen Lyde's Motion to Dismiss Removal." (Doc. No. 7).

On February 15, 2008, the court considered plaintiff's motion to remand and directed plaintiff to submit either a sworn affidavit or a joint stipulation that she will not pursue more than $75,000 in the Circuit Court of Pemiscot County in the event of a remand. (Doc. No. 9) In response, plaintiff has filed an affidavit stating that her demand for settlement was $25,000.00 prior to the filing of the instant action. Plaintiff states that she will not "in future litigation

-1-

regarding this matter seek or request at trial any amount of damages over or exceeding $75,000.00." (Doc. No. 10).

Given the affidavit, the court concludes that it lacks subject matter jurisdiction under § 1332 and will grant plaintiff's motion to remand. See Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 623 (8th Cir. 1997) (stating that under 28 U.S.C. § 1447(c), a district court must remand a case "[i]f at any time before final judgment it appears that the . . . court lacks subject matter jurisdiction") (quoting 28 U.S.C. § 1447(c)).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "Motion to Dismiss Removal" (Doc. No. 6) be and it is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall remand this action to the Circuit Court of Pemiscot County, Missouri, from which it was removed.

Dated this ___14th___ day of March, 2008.

                                               /s/ Lewis M. Blanton
                                               LEWIS M. BLANTON
                                               UNITED STATES MAGISTRATE JUDGE